

FILED

AUG 1 2 2002

SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

ROY J. NUTTER AND LEATRICE NUTTER,

       **Plaintiffs,**

v.

    CIVIL ACTION NO. 5:02-1024
    (Case No. 01-C-265-B
    (Circuit Court of Raleigh County)

RALEIGH GENERAL HOSPITAL,
CARL L. OVERMILLER, M.D.
THAIR A. BARGHOUTHI, M.D.,
ASHOK V. BHALODI, M.D., SHRIKANT L.
BEMBALKAR, M.D., PLATEAU MEDICAL
CENTER, INC., TALHA IMAM, M.D.
and TEODORO JIMENEZ, M.D.,

       **Defendants.**

## NOTICE OF REMOVAL

Now comes the United States of America ("United States") and pursuant to 28 U.S.C. § 1446, gives notice of the removal of the above-styled action from the Circuit Court of Raleigh County to the United States District Court at Beckley.  As grounds for removal the United States represents as follows:

1.  Talha Imam, M.D. is named as a defendant in a civil action filed in the Circuit Court of Raleigh County on or about March 30, 2001.  (Ex. A)

2.  The complaint alleges that Talha Imam, M.D. was negligent in failing to diagnose and treat a failed laparoscopic cholecystectomy and nissan fundoplication resulting in plaintiff's medical expenses and pain and suffering.  (Ex. A)

3.    At all times relevant to the complaint, Talha Imam, M.D., as an employee of New River Health Association, Inc. ("New River"), was "deemed" an employee of the United States for purposes of the Public Health Service ("PHS") Act, 42 U.S.C § 233(h), as amended by the Federally Supported Health Centers Assistance Act of 1992, as amended in 1995.  ("the Act").  (Ex. B)

4.    The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680, provides the exclusive remedy for medical and related services performed by employees of deemed entities while acting in the scope of their employment.  42 U.S.C. § 233(a).

5.    The Attorney General, acting through his designee, the United States Attorney for the Southern District of West Virginia, has certified that the actions of Talha Imam, M.D., as an employee of New River, as set forth in the complaint, was within the scope of his employment. (Ex. C)

6.    Upon said certification, this action is properly removed, without bond, any time before trial, to the United States District Court for the district and division in which the action is pending. 28 U.S.C. § 2679(d)(2); 42 U.S.C. § 233(c).

7.    The removal of this civil action is properly effected by the filing of a notice of removal in the district court.  28 U.S.C. § 1446.

8.    A copy of the Raleigh County Circuit Court docket sheet relating to this action is attached as Exhibit D.

2

WHEREFORE, based upon the foregoing, the United States respectfully submits that this action is properly removed from the Circuit Court of Raleigh County, West Virginia, to the United States District Court at Beckley.

Respectfully submitted,

KASEY WARNER
United States Attorney

By: _____
STEPHEN M. HORN
Assistant United States Attorney
P.O. Box 1713
Charleston, WV    25326-1713
(304)345-2200

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

ROY J. NUTTER and
LEATRICE NUTTER,                                                          PLAINTIFFS,

v.                                    Civil Action No. *01-C-265-B*

RALEIGH GENERAL HOSPITAL,
CARL L. OVERMILLER, MD,
THAIR A. BARGHOUTHI, MD,
ASHOK V. BHALODI, MD,
ANTHONY T. DINH, MD,
ALAA UJAYLI, MD,
SHRIKANT L. BEMBALKAR, MD,
PLATEAU MEDICAL CENTER, INC.,
TALHA IMAM, MD, and
TEODORO JIMENEZ, MD                                                       DEFENDANTS.



## COMPLAINT

COME NOW, the Plaintiffs, Roy J. Nutter and Leatrice Nutter, by counsel, David B. Kelley, and for their Complaint against the Defendants, Raleigh General Hospital, Carl L. Overmiller, MD, Thair A. Barghouthi, MD, Ashok V. Bhalodi, MD, Anthony T. Dinh, MD, Alaa Ujayli, MD, Shrikant L. Bembalkar, MD, Plateau Medical Center, Inc., Talha Imam, MD, and Teodoro Jimenez, MD, herein complain and say as follows:

## COUNT I

1.     That the Plaintiffs, Roy J. Nutter and Leatrice Nutter, are citizens and residents of the State of West Virginia.

2.     That the Defendant, Raleigh General Hospital, is a West Virginia corporation whose hospital is located at 1710 Harper Road, Beckley, West Virginia 25801.

3.     That the Defendant, Plateau Medical Center, Inc., is a West Virginia corporation with its principal place of business located at 430 Main Street, Oak Hill, West Virginia 25901.

ATZ. KANTOR
& PERKINS
TORNEYS AT LAW

GOVERNMENT
EXHIBIT

4. That the Defendant, Carl L. Overmiller, MD, on or prior to March 30, 1999, through April 18, 1999, was a licensed medical doctor and physician practicing in Beckley, Raleigh County, West Virginia and was practicing medicine at Raleigh General Hospital.

5. That the Defendant, Thair A. Barghouthi, MD, on or prior to March 30, 1999, through April 18, 1999, was a licensed medical doctor and physician practicing in Beckley, Raleigh County, West Virginia and was practicing medicine at Raleigh General Hospital.

6. That the Defendant, Ashok V. Bhalodi, MD, on or prior to March 30, 1999, through April 18, 1999, was a licensed medical doctor and physician practicing in Beckley, Raleigh County, West Virginia and was practicing medicine at Raleigh General Hospital.

7. That the Defendant, Anthony T. Dinh, MD, on or prior to March 30, 1999, through April 18, 1999, was a licensed medical doctor and physician practicing in Beckley, Raleigh County, West Virginia and was practicing medicine at Raleigh General Hospital.

8. That the Defendant, Alaa Ujayli, MD, on or prior to March 30, 1999, through April 18, 1999, was a licensed medical doctor and physician practicing in Beckley, Raleigh County, West Virginia and was practicing medicine at Raleigh General Hospital.

9. That the Defendant, Shrikant L. Bembalkar, MD, on or prior to March 30, 1999, through April 18, 1999, was a licensed medical doctor and physician practicing in Beckley, Raleigh County, West Virginia and was practicing medicine at Raleigh General Hospital.

10. That the Defendant, Talha Imam, MD, on or prior to March 30, 1999, through April 26, 1999, was a licensed medical doctor and physician practicing in Oak Hill, Fayette County, West Virginia and was practicing medicine at Plateau Medical Center, Inc.

KATZ, KANTOR
& PERKINS
TORNEYS AT LAW

11.     That the Defendant, Teodoro Jimenez, MD, on or prior to March 30, 1999, through April 26, 1999, was a licensed medical doctor and physician practicing in Oak Hill, Fayette County, West Virginia and was practicing medicine at Plateau Medical Center, Inc.

12.     That on March 30, 1999, Roy J. Nutter, was admitted to the Raleigh General Hospital, for laparoscopic cholecystectomy and nissan fundoplication, which was performed by Defendant Carl L. Overmiller, MD.    Mr. Nutter's preoperative diagnosis was large paraesophageal (hiatal) hernia and symptomatic cholelithiasis.

13.     That during the postop period, the Plaintiff, Roy J. Nutter, was noted to have shortness of breath and was diagnosed by a pulmonary specialist to have hypoxia, respiratory distress, and cardiac arrhythmia with a rapid ventricular rate.

14.     That despite testing, antibiotics and an echocardiogram, Plaintiff, Roy J. Nutter's condition deteriorated necessitating intubation.

15.     That chest x-rays revealed bilateral pneumonia and the Plaintiff, Roy J. Nutter, developed acute brain syndrome and severe confusion and an extremely high temperature and blood pressure.

16.     That after consultations with an infectious disease specialist, and a consultation with an anesthesia specialist, Plaintiff, Roy J. Nutter was diagnosed with congestive heart failure with left pleural effusion and methycillia resistant stapholococcus aureus.

17.     That after his condition stabilized, the Planitiff, Roy J. Nutter was discharged on April 18, 1999.

18.     That subsequent to being released from Raleigh General Hospital, the Plaintiff, Roy J. Nutter, became more and more short of breath and complained of chest burning and was coughing a large amount of phlegm and exhibited chills and fever.

KATZ, KANTOR
& PERKINS
ATTORNEYS AT LAW

3

19.     That the Plaintiff, Roy J. Nutter, was admitted for treatment to the Plateau Medical Center, Inc. in Oak Hill, West Virginia on April 21, 1999 with a diagnosis by Talha Imam, MD, of chronic obstructive pulmonary disease, new pleural effusion (rule out congestive heart failure versus pneumonia), new right bundle branch block, status post cardiac arrhythmia and severe hiatal hernia status post surgery.

20.     That at the Plateau Medical Center, Inc., chest x-rays were performed and showed a left sided pleural effusion and a large hiatal hernia as in the past.

21.     That additionally an EKG was performed and showed a new right branch block with subsequent T immersions as compared to an EKG of September 9, 1997.

22.     That Plaintiff, Roy J. Nutter's treating physicians at Plateau Medical Center, Inc., Talha Imam, MD, and Teodoro Jimenez, MD, were unable to determine if the surgery at Raleigh General Hospital of March 30, 1999, had made any change in Plaintiff, Roy J. Nutter's hernia.

23.     That Plaintiff, Roy J. Nutter continued to experience persistent and worsening reflux symptoms and persistent burning, and continued with constant nausea and vomiting.

24.     That because the staff of Plateau Medical Center, Inc. was unable to improve the Plaintiff, Roy J. Nutter's symptoms, the Plaintiff, Roy J. Nutter was transferred to West Virginia University Hospital on April 26, 1999.

25.     That the Plaintiff, Roy J. Nutter, was diagnosed at West Virginia University Hospital with dysplagia, severe narrowing of the distal esophagus with multiple ulcerations and esophageal perforation above the GE junction and the thorax.



KATZ, KANTOR
& PERKINS
TORNEYS AT LAW

4

25.     That the Plaintiff, Roy J. Nutter was given a preoperative diagnosis at West Virginia University Hospital of a failed nissan fundoplication with structure, inflammation and abscess formation.

26.     That the Plaintiff, Roy J. Nutter required remedial surgery at West Virginia University Hospital on June 17, 1999, which revealed that the Plaintiff, Roy J. Nutter, had a severely abscessed esophageal gastric junction at the area of the previous wrap.

27.     That the patient Plaintiff, Roy J. Nutter had dense adhesions throughout the left chest and the previous wrap was in the thorax attached to surrounding structures, including the right lung. That wrap itself appeared to be necrotic anteriorly and was severely adhesed to the stomach, making taking down the wrap impossible and requiring resection of that area to restore adequate lumen.

28.     That Defendant, Carl L. Overmiller, MD, acted below the standard of care when he treated Plaintiff, Roy J. Nutter on March 30, 1999.

29.     That at all times of which the Plaintiffs complain, the Defendant, Carl L. Overmiller, MD, was licensed to practice medicine in the State of West Virginia and represented to the public and to the Plaintiff, Roy J. Nutter, possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent physician practicing the medical specialties of general surgery and gastrointestinal endoscopy.

30.     That at all times of which the Plaintiffs complain, the Defendant, Carl L. Overmiller, MD, was acting individually and as a real and/or apparent agent, servant and/or employee of the Defendant, Raleigh General Hospital.

31.     That the Plaintiffs further aver that the Defendant, Carl L. Overmiller, MD, owed to the Plaintiff, Roy J. Nutter the duty to exercise that degree of care, skill and judgment

ATZ, KANTOR
& PERKINS
ORNEYS AT LAW

ordinarily expected of a reasonably competent practitioner of his chosen specialties acting in the same or similar circumstances; that duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition; the careful diagnosis of such condition(s); the employment of appropriate procedures and treatments to correct such condition(s); the continuous evaluation of the effects of such treatment; the adjustment of the course of treatment in response to such evaluations, and the duty of appropriate notification to the Plaintiff, Roy J. Nutter, of the various alternatives and risks involved in various modalities of treatment.

32.  That the Plaintiff, Roy J. Nutter, further avers that he, Roy J. Nutter, came under the care of the Defendant, Carl L. Overmiller, MD, individually and as agent, servant and/or employee of Raleigh General Hospital, for care and treatment of a paraesophageal (hiatal) hernia and symptomatic cholelithiasis.  Dr. Overmiller performed a laparoscopic nissan fundoplication procedure on March, 30, 1999, at Raleigh General Hospital, at which time the Plaintiff, Roy J. Nutter, also came under the care of Raleigh General Hospital's agents, servants and/or employees.  Said procedure resulted in severe narrowing of the distal esophagus with multiple ulcerations and esophageal perforation above the GE junction and the thorax.

33.  That the Plaintiffs further aver that as a result of inappropriate medical care, treatment and management by the Defendant, Carl L. Overmiller, MD, the Plaintiff, Roy J. Nutter was seriously injured and otherwise damaged.

34.  That the Plaintiffs further aver that the Defendant, Carl L. Overmiller, MD, breached his aforementioned duties owed to the Plaintiff, Roy J. Nutter, by failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the Plaintiff, Roy J. Nutter's condition; by failing to diagnose such conditions carefully; by failing to employ

KATZ, KANTOR
& PERKINS
ATTORNEYS AT LAW

6

appropriate treatment and procedures to correct such conditions; by failing to carefully and thoroughly evaluate the effects of the chosen treatment; by failing to adjust the course of treatment provided to the Plaintiff, Roy J. Nutter, in response to evaluations of the effects of prior treatment; by failing to appropriately and adequately obtain an informed consent from the Plaintiff, Roy J. Nutter, and by being otherwise careless and negligent.

35. That the Plaintiffs further aver that as a result of the negligence of the Defendant, Carl L. Overmiller, MD, the Plaintiff, Roy J. Nutter, experienced hypoxia, respiratory distress, cardiac arrhythmia with ventricular rate, pneumonia, acute brain syndrome, severe confusion, extremely high temperature and blood pressure, inflammation, abscess formation, pain, injury, mental anguish, unnecessary procedures, pecuniary losses, including lost wages and benefits, loss of enjoyment of life, and has been otherwise injured and damaged.

36. That the Plaintiff, Roy J. Nutter, further avers that as a result of the negligence of the Defendant, Carl L. Overmiller, MD, he was required to incur great expenses for the medical care and hospitalizations provided in the treatment of the injuries and damages which he has sustained.

37. That the Plaintiffs further aver that the injuries, damages and losses complained of and caused by the negligent and wrongful acts of the Defendant, Carl L. Overmiller, MD, were without any negligence or want of due care on the part of the Plaintiff, Roy J. Nutter, directly or indirectly, thereunto, contributing.

38. That the Plaintiffs further aver that the Defendant, Carl L. Overmiller, MD, owed to the Plaintiff, Roy J. Nutter, the duty of appropriate notification to the Plaintiff, Roy J. Nutter, of the various alternatives and risks involved in various modalities of treatment.

KATZ, KANTOR
& PERKINS
TORNEYS AT LAW

7

39.     That the Plaintiffs further aver that the Defendant, Carl L. Overmiller, MD, was negligent by failing to appropriately and adequately obtain an informed consent from the Plaintiff, Roy J. Nutter, and by being otherwise careless and negligent.

40.     That Plaintiff, Roy J. Nutter, alleges that the care and treatment of Defendants, Carl L. Overmiller, MD, Thair A. Barghouthi, MD, Ashok V. Bhalodi, MD, Anthony T. Dinh, MD, Alaa Ujayli, MD, Shrikant L. Bembalkar, MD, Talha Imam, MD, and Teodoro Jimenez, MD, constituted negligent treatment and failed to conform to the medical and professional standards to which a medical doctor treating the patient with the symptoms, which the Plaintiff, Roy J. Nutter, had in this case, as required in the practice of their profession.  Specifically, the Defendant, Carl L. Overmiller, MD, was negligent in performing an advanced laparoscopic cholecystectomy and nissan fundoplication for a hiatal hernia.

41.     That at all times of which the Plaintiffs complain, the Defendant, Raleigh General Hospital and Plateau Medical Center, Inc. were licensed to provide medical services in the State of West Virginia and which, through their agents, servants and/or employees, represented to the public and to the Plaintiff, Roy J. Nutter, possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent medical facility providing services in the medical specialities of gastroenterology, abdominal and thoracic surgery and general medical care.

42.     That the Plaintiffs further aver that the Defendant, Raleigh General Hospital and Plateau Medical Center, Inc., through their duly authorized agents, servants and/or employees, owed to the Plaintiff, Roy J. Nutter, the duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent medical facility providing services in the specialties acting in the same or similar circumstances; that duty included the performance of

ATZ, KANTOR
& PERKINS
'OR          AT LAW

8

adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff, Roy J. Nutter's, condition; the careful diagnosis of such condition(s); the employment of appropriate procedures and treatments to correct such condition(s); the continuous evaluation of the effects of such treatment; the adjustment of the course of treatment in response to such evaluations, and the duty of appropriate notification to the Plaintiff, Roy J. Nutter, of the various alternatives and risks involved in various modalities of treatment.

43.     That the Plaintiffs further aver that the Plaintiff, Roy J. Nutter, came under the care of the Defendants, Raleigh General Hospital and Plateau Medical Center, for care and treatment of a large paraesophageal (hiatal) hernia and symptomtic cholelithiasis. That the Plaintiffs further aver that the Defendant, Carl L. Overmiller, MD, performed a laparoscopic nissan fundoplication procedure on March 30, 1999 on the premises of Raleigh General Hospital, at which time the Plaintiff, Roy J. Nutter, also was under the care of Raleigh General Hospital's agents, servants and/or employees. Said procedure resulted in severe narrowing of the distal esophagus with multiple ulcerations and esophageal perforation above the GE junction and the thorax.

44.     That the Plaintiff, Roy J. Nutter, alleges that the Defendants, Raleigh General Hospital and Plateau Medical Center, Inc., was negligent in the care provided while Plaintiff, Roy J. Nutter, was a patient from March 30, 1999, through April 18, 1999, and April 20, 1999, through April 26, 1999, respectively.  Specifically they failed to diagnose a failed laparoscopic cholecystectomy and nissan fundoplication for a hiatal hernia.  Additionally, Defendant Raleigh General Hospital was negligent in assisting in the performance of an advanced laparoscopic cholecystectomy and nissan fundoplication for a hiatal hernia.



KATZ, KANTOR
& PERKINS
ATTORNEYS AT LAW

9

45.     That as a direct and proximate result of the negligence of Defendants, Raleigh General Hospital and Carl L. Overmiller, MD, the Plaintiff, Roy J. Nutter, has suffered a failed laparoscopic cholecystectomy and nissan fundoplication resulting in respiratory, pulmonary, heart and brain damage.

46.     That the Plaintiffs further aver that as a result of the continuing medical mismanagement by the Defendant, Raleigh General Hospital, Plateau Medical Center, and their co-Defendants, the Plaintiff, Roy J. Nutter, was admitted to West Virginia University Hospital and underwent multiple surgical and medical procedures, including a procedure on or about June 17, 1999, which revealed a severely abscessed esophageal gastric junction at the area of the previous wrap. The Plaintiff, Roy J. Nutter, also had dense adhesions throughout the left chest and the previous wrap was in the thorax attached to surrounding structures, including the right lung. That wrap itself appeared to be necrotic anteriorly and was severely adhesed to the stomach, making taking down the wrap impossible and requiring resection of that area to restore adequate lumen.

47.     That the Plaintiffs further aver that as a result of inappropriate medical care, treatment and management by the Defendants, Raleigh General Hospital and Plateau Medical Center, Inc., by and through their agents, servants and/or employees, the Plaintiff, Roy J. Nutter, was seriously injured and otherwise damaged.

48.     That the Plaintiffs further aver that the Defendants, Raleigh General Hospital and Plateau Medical Center, Inc., by and through their agents, servants and/or employees, breached their aforementioned duties owed to the Plaintiff, Roy J. Nutter, by failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the Plaintiff, Roy J. Nutter's, condition; by failing to diagnose such conditions carefully; by failing to employ

appropriate treatment and procedures to correct such conditions; by failing to carefully and thoroughly evaluate the effects of the chosen treatment; by failing to adjust the course of treatment provided to the Plaintiff, Roy J. Nutter, in response to evaluations of the effects of prior treatment and by being otherwise careless and negligent.

49.     That the Plaintiffs further aver that as a result of the negligence of the Defendants, Raleigh General Hospital and Plateau Medical Center, Inc., by and through their agents, servants and/or employees, the Plaintiff, Roy J. Nutter, experienced hypoxia, respiratory distress, cardiac arrhythmia with ventricular rate, pneumonia, acute brain syndrome, severe confusion, extremely high temperature and blood pressure, inflammation, abscess formation, pain, injury, mental anguish, unnecessary procedures, pecuniary losses, including lost wages and benefits, loss of enjoyment of life, and has been otherwise injured and damaged.

50.     That the Plaintiffs further aver that as a result of the negligence of the Defendants, Raleigh General Hospital and Plateau Medical Center, Inc., by and through their agents, servants and/or employees, they were required to incur great expenses for the medical care and hospitalizations provided in the treatment of the injuries and damages which he has sustained.

51.     That the Plaintiffs further aver that the Defendants, Raleigh General Hospital and Plateau Medical Center, Inc., by and through their agents, servants and/or employees, owed to the Plaintiff, Roy J. Nutter, the duty of appropriate notification to the Plaintiff, Roy J. Nutter, of the various alternatives and risks involved in various modalities of treatment.

52.     That the Plaintiffs further aver that the Defendant, Raleigh General Hospital, by and through their agents, servants and/or employees, was negligent by failing to appropriately



and adequately obtain an informed consent from the Plaintiff, Roy J. Nutter, and by being otherwise careless and negligent.

53.     That as a direct and proximate result of all of the named Defendants in failing to diagnose and treat a failed laparoscopic cholecystectomy and nissan fundoplication, the Plaintiff, Roy J. Nutter, suffered complications resulting in respiratory, pulmonary, heart and brain damage.

54.     That as a result of the aforesaid negligence of each of the Defendants, as set forth above, the Plaintiff, Roy J. Nutter, has suffered permanent mental, emotional and physical damage, pain and suffering, loss of income and numerous non medically related damages.

## COUNT II

1.     That your Plaintiffs, Roy J. Nutter and Leatrice Nutter, re-allege the allegations set forth in paragraphs 1 through 54.

2.     That Leatrice Nutter is the wife of the Plaintiff, Roy J. Nutter.

3.     That the Plaintiff, Leatrice Nutter, individually, further avers that, as a direct and proximate result of the acts and omissions of each of the Defendants, she and Roy J. Nutter did suffer and sustain injury, damage and disturbance to their marital relationship and that they were deprived, each from the other, of normal and customary services, society, companionship, affection, assistance, and conjugal relationships, and that the same were thereby interfered with, diminished and destroyed.

4.     That as a direct and proximate result of the actions of each of the Defendants as set forth above, Plaintiff, Leatrice Nutter, was, and will be in the future, be deprived of full

ATZ, KANTOR
& PERKINS
TO      S AT LAW

12

society, care, comfort and services of her husband, Roy J. Nutter, because of the injuries which he sustained as, herein, described.

WHEREFORE, Plaintiffs, Roy J. Nutter and Leatrice Nutter, demand judgment against the Defendants, Raleigh General Hospital; Carl L. Overmiller, MD, Thair A. Barghouthi, MD, Ashok V. Bhalodi, MD, Anthony T. Dinh, MD, Alaa Ujayli, MD, Shrikant L. Bembalkar, MD, Plateau Medical Center, Inc., Talha Imam, MD, and Teodoro Jimenez, MD, and each of them for all sums to which Plaintiffs, Roy J. Nutter and Leatrice Nutter, either of them are entitled, including but not limited to:

Damages for past pain and suffering;

Damages for future pain and suffering;

Damages for past medical expenses;

Damages for future medical expenses and costs;

Damages for future loss of wages;

Damages for loss of household services;

Damages for past and future miscellaneous out-of-pocket and related expenses;

Damages for past loss of income and ability to earn a living;

Damages for loss of society, care, comfort and services;

And all other relief which the Plaintiffs, Roy J. Nutter and Leatrice Nutter may be entitled and which this court may seem just and appropriate.

<KATZ. KANTOR
& PERKINS
'TO...S AT LAW

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

13

ROY J. NUTTER and,
LEATRICE NUTTER, Plaintiffs

BY COUNSEL,

KATZ, KANTOR & PERKINS

David B. Kelley (WVB # 1996)
Post Office Box 727
Bluefield, West Virginia 24701
(304) 327-3551
Fax # (304) 325-7495

KATZ, KANTOR
& PERKINS
TTO     S AT LAW

14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Roy J. Nutter and Leatrice Nutter, )
                                    )
                                    )
        Plaintiffs,                 )
                                    )
            v.                      ) Civil Action No.
                                    )
Raleigh General Hospital, Carl L.  )
Overmiller, M.D., Thair A.          )
Barghouthi, M.D., Ashok v.          )
Bhalodi, M.D., Shrikant L.          )
Bembalkar, M.D., Plateau Medical    )
Center, Inc., Talha Imam., M.D.,    )
and Teodoro Jimenez, M.D.,          )
                                    )
        Defendants.                 )

## DECLARATION OF
## RICHARD G. BERGERON

1.  I am an Attorney in the Division of Business and
Administrative Law, Office of the General Counsel, Department of
Health and Human Services (the "Department"). I am familiar with
the official records of administrative tort claims maintained by
the Department as well as with the system by which those records
are maintained.

2.  The Department's Program Support Center has a Claims
Branch that maintains in a computerized database a record of all
administrative tort claims filed with the Department, including
those filed with respect to federally supported health centers
that have been deemed to be eligible for Federal Tort Claims Act
malpractice coverage.

3.  As a consequence, if a tort claim had been filed with
the Department with respect to New River Health Association,

GOVERNMENT
EXHIBIT
3

-2-

Inc., or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4.   I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Roy and Leatrice Nutter relating to New River Health Association, Inc., or Dr. Talha Imam.

5.   I have also reviewed official agency records and determined that New River Health Association, Inc., was first deemed eligible for Federal Tort Claims Act malpractice coverage effective December 1, 1993 and that its coverage has continued without interruption since that time.  A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to New River Health Association, Inc., is attached to this declaration as Exhibit 1.

6.   Official agency records further indicate that Dr. Tahha Imam was an employee of New River Health Association, Inc., at all times relevant to the Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

Dated at Washington, D.C., this ___8th___ day of Auqust___, 2002

RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service

BUREAU OF PRIMARY HEALTH CARE

Health Resources and
Services Administration
Rockville MD 20857

NOV 23 1993

Mr. Craig Robinson
Executive Director
New River Health Association, Inc.
P.O. Box 337
Scarboro, West Virginia  25917

Dear Mr. Robinson:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the
Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported
Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to
be an employee of the Federal Government for the purposes of Section 224.  Under
Section 224(a), the remedy against the United States provided under the Federal Tort
Claims Act (FTCA) for medical and related functions performed by commissioned
officers or employees of the PHS while acting within the scope of office or employment,
shall be exclusive of any other civil action or proceeding.  P.L. 102-501 extends this
"FTCA coverage" to the grantees that have been deemed covered under Section 224(h)
and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on July 30, 1993, with regard to:
(1) implementation of appropriate policies and procedures to reduce the risk of
malpractice; (2) implementation of a system whereby professional credentials, references,
claims history, fitness, professional review organization findings, and licensure status of
its health professionals are reviewed and verified; (3) cooperation with the Department of
Justice (DOJ) in the defense of claims (including access to all pertinent documents and
patient information and records) and actions to assure against claims in the future; and
(4) cooperation with the DOJ in providing information related to previous malpractice
claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this
grantee who are physicians or other licensed or certified health care practitioners and
who are providing services under the scope of activities covered by the project funded
through its Section 329 (migrant health centers), Section 330 (community health centers),
Section 340 (health services for the homeless), or Section 340A (health services for
residents of public housing) grant(s) are also deemed to be employees of the Federal
Government for the purposes of Section 224, as are part-time contractors who are
licensed or certified providers of obstetrical services and whose individual medical

FILE COPY

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|--------|---------|------|--------|---------|------|--------|---------|------|
| CMH | STINSON | 11/22 | | | | | | |
| | | | | | | | | |

Exhibit 1

Page 2 - Mr. Craig Robinson

malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges can not be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Page 3 - Mr. Craig Robinson

The effective date of eligibility for FTCA malpractice coverage is December 1, 1993. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Martin Bree, J.D., FTCA Coordinator, Region III at (215) 596-6653.

Sincerely yours,

/s/ PHILLIP P. KILLAM

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

cc: GMO Region III, GMO BPHC, DOJ

FILE
COPY

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|--------|---------|------|--------|---------|------|--------|---------|------|
| | | | | | | | | |
| | | | | | | | | |

*U.S. GPO: 1988-618-AA*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

ROY J. NUTTER AND LEATRICE NUTTER,

      Plaintiffs,

v.

                                    CIVIL ACTION NO.
                                    (Case No. 01-C-265-B
                                    (Circuit Court of Raleigh County)

RALEIGH GENERAL HOSPITAL,
CARL L. OVERMILLER, M.D.
THAIR A. BARGHOUTHI, M.D.,
ASHOK V. BHALODI, M.D., SHRIKANT L.
BEMBALKAR, M.D., PLATEAU MEDICAL
CENTER, INC., TALHA IMAM, M.D.
and TEODORO JIMENEZ, M.D.,

      Defendants.

## CERTIFICATION

I, KASEY WARNER, United States Attorney for the Southern
District of West Virginia represent as follows:

(1)  I have read the complaint in the above-styled civil
action;

(2)  I have read the declaration of Richard G. Bergeron and
Ex. 1 to said declaration, copies of which are attached hereto as
Ex. A.

(3)  As set forth in Ex. A, at all times relevant to the
complaint, New River Health Association, Inc., and its employee,
Talha Imam, M.D., were deemed employees of the Public Health
Service while acting in the scope of their employment.

WHEREFORE, pursuant to 28 U.S.C. § 2679(d), 42 U.S.C. §
233(c), and by virtue of the authority vested in me by 28 C.F.R.
§ 15.3, I hereby CERTIFY that based upon the information available



GOVERNMENT
EXHIBIT
C

to me, that Talha Imam, M.D., as an employee of New River Health Association, Inc., was acting in the scope of his employment with respect to the allegations set forth in the complaint.

Signed this __12th__ day of August, 2002.

_____

KASEY WARNER, United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Roy J. Nutter and Leatrice Nutter,)
)
)
Plaintiffs,                      )
)
v.                          )  Civil Action No.
)
Raleigh General Hospital, Carl L. )
Overmiller, M.D., Thair A.        )
Barghouthi, M.D., Ashok v.        )
Bhalodi, M.D., Shrikant L.        )
Bembalkar, M.D., Plateau Medical  )
Center, Inc., Talha Imam., M.D.,  )
and Teodoro Jimenez, M.D.,        )
)
Defendants.                  )
_____)

DECLARATION OF
RICHARD G. BERGERON

    1.  I am an Attorney in the Division of Business and
Administrative Law, Office of the General Counsel, Department of
Health and Human Services (the "Department").  I am familiar with
the official records of administrative tort claims maintained by
the Department as well as with the system by which those records
are maintained.

    2.  The Department's Program Support Center has a Claims
Branch that maintains in a computerized database a record of all
administrative tort claims filed with the Department, including
those filed with respect to federally supported health centers
that have been deemed to be eligible for Federal Tort Claims Act
malpractice coverage.

    3.  As a consequence, if a tort claim had been filed with
the Department with respect to New River Health Association,


GOVERNMENT EXHIBIT
A

-2-

Inc., or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Roy and Leatrice Nutter relating to New River Health Association, Inc., or Dr. Talha Imam.

5. I have also reviewed official agency records and determined that New River Health Association, Inc., was first deemed eligible for Federal Tort Claims Act malpractice coverage effective December 1, 1993 and that its coverage has continued without interruption since that time. A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to New River Health Association, Inc., is attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Dr. Tahha Imam was an employee of New River Health Association, Inc., at all times relevant to the Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this ___8th___ day of ___August___, 2002

RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services

DEPARTMENT OF HEALTH & HUMAN SERVICES    Public Health Service

BUREAU OF PRIMARY HEALTH CARE

Health Resources and
Services Administration
Rockville MD 20857

NOV 23 1993

Mr. Craig Robinson
Executive Director
New River Health Association, Inc.
P.O. Box 337
Scarboro, West Virginia  25917

Dear Mr. Robinson:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the
Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported
Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to
be an employee of the Federal Government for the purposes of Section 224. Under
Section 224(a), the remedy against the United States provided under the Federal Tort
Claims Act (FTCA) for medical and related functions performed by commissioned
officers or employees of the PHS while acting within the scope of office or employment,
shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this
"FTCA coverage" to the grantees that have been deemed covered under Section 224(h)
and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on July 30, 1993, with regard to:
(1) implementation of appropriate policies and procedures to reduce the risk of
malpractice; (2) implementation of a system whereby professional credentials, references,
claims history, fitness, professional review organization findings, and licensure status of
its health professionals are reviewed and verified; (3) cooperation with the Department of
Justice (DOJ) in the defense of claims (including access to all pertinent documents and
patient information and records) and actions to assure against claims in the future; and
(4) cooperation with the DOJ in providing information related to previous malpractice
claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this
grantee who are physicians or other licensed or certified health care practitioners and
who are providing services under the scope of activities covered by the project funded
through its Section 329 (migrant health centers), Section 330 (community health centers),
Section 340 (health services for the homeless), or Section 340A (health services for
residents of public housing) grant(s) are also deemed to be employees of the Federal
Government for the purposes of Section 224, as are part-time contractors who are
licensed or certified providers of obstetrical services and whose individual medical

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|--------|---------|------|--------|---------|------|--------|---------|------|
| DOMH | STINSON | 11/22 | | | | | | |
| | | | | | | | | |

FILE COPY

*Exhibit-1*

*U.S. GPO: 1993-614-441*

malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges can not be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Page 3 - Mr. Craig Robinson

The effective date of eligibility for FTCA malpractice coverage is December 1, 1993. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Martin Bree, J.D., FTCA Coordinator, Region III at (215) 596-6653.

Sincerely yours,

/s/ PHILLIP P. KILLAM

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

cc: GMO Region III, GMO BPHC, DOJ

FILE COPY

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|--------|---------|------|--------|---------|------|--------|---------|------|
|        |         |      |        |         |      |        |         |      |
|        |         |      |        |         |      |        |         |      |

GOVERNMENT
EXHIBIT

| 74 | 11/15/01 | NOTICE OF MOTION TOGETHER WITH DEFENDANT, CARL L. OVERMILLER, M.D.'S MOTION TO COMPEL./CERT.  (B.C.) |
| 75 | | M.D.'S MOTION TO COMPEL./CERT.  (B.C.) |
| 76 | 12/05/01 | CERT OF SERV OF DEFTS ASHOK V. BHALODI, M.D. & ANTHONY T. DINH, |
| 77 | | M.D.'S RESPONSES TO DEFT TEODORE JIMENEZ,M.D.'S REQUESTS FOR |
| 78 | | PRODUCTION OF DOCUMENTS.(J.R.) |
| 79 | 12/13/01 | CERT OF SERV OF DEFENDANT TEODORO JIMENEZ, M.D.'S 1ST SET OF |
| 80 | | REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLATEAU MEDICAL CENTER, |
| 81 | | INC.  (B.C.) |
| 82 | 12/18/01 | CERT OF SERV OF PLTFS, ROY J. NUTTER AND LEATRICE NUTTER'S |
| 83 | | RESPONSES TO DEFT, CARL L. OVERMILLER'S FIRST SET OF INTERRS TO |
| 84 | | PLTF.  MEM |
| 85 | 12/14/01 | ORDER-STIPULATION AND ORDER OF VOLUNTARY DISMISSAL AS TO |
| 86 | | ALAA UJAYLI, MD THIS MATTER WILL REMAIN ON THE DOCKET WITH THE |
| 87 | | REMAINING DEFENDANTS COB 132 PG 306 |
| 88 | | (HURNEY/KELLEY) |
| 89 | 12/21/01 | AGREED ORDER OF SUBSTITUTION-THAT ROBERT P. WELSH AND DINA |
| 90 | | MOHLER ARE HEREBY GRANTED LEAVE TO WITHDRAW AS COUNSEL FOR THE |
| 91 | | DEFENDANT, PLATEAU MEDICAL CENTER, INC. AND THAT THE CLERK |
| 92 | | REFLECT AN APPEARANCE HEREIN BY THOMAS J. HURNEY OF THE LAW FIR |
| 93 | | OF JACKSON AND KELLY AS COUNSEL FOR THE DEFENDANT, PLATEAU |
| 94 | | MEDICAL CENTER COB 132 PG 386 |
| 95 | | (MOHLER/HURNEY) |
| 96 | 02/11/02 | NOTICE OF DEPOSITION OF RECORDS CUSTODIAN FOR WV UNIVERSITY |
| 97 | | HOSPITAL FOR 2-21-02 @11:00AM/CERT OF SERV.  MEM |
| 98 | 02/11/02 | NOTICE OF DEPOSITION OF RECORDS CUSTODIAN FOR WV UNIVERSITY |
| 99 | | HOSPITAL FOR 2-21-02 @12:00PM/CERT OF SERV.  MEM |
| 100 | 02/11/02 | NOTICE OF DEPOSITION OF RECORDS FOR SOUTHERN WV CLINIC FOR |
| 101 | | 2-20-02 @ 12:30PM/CERT OF SERV.  MEM |
| 102 | 02/11/02 | NOTICE OF DEPOSITION OF RECORDS CUSTODIAN FOR WALMART PHARMACY |
| 103 | | FOR 2-20-02 @10:00AM/CERT OF SERV.  MEM |
| 104 | 02/11/02 | NOTICE OF DEPOSITION OF RECORDS CUSTODIAN FOR WOODS PHARMACY |
| 105 | | FOR 2-20-02 @11:30AM/CERT OF SERV.  MEM |
| 106 | 02/11/02 | NOTICE OF DEPOSITION OF RECORDS CUSTODIAN FOR APRIA HOME |
| 107 | | HEALTHCARE FOR 2-20-02 @12:00 PM @BROWNS COURT REPORTING/CERT |
| 108 | | OF SERV.  MEM |
| 109 | 02/11/02 | NOTICE OF DEPOSITION FOR RECORDS CUSTODIAN FOR NEW RIVER |
| 110 | | FAMILY HEALTH CENTER FOR 2-20-02 @11:00AM/CERT OF SERV.  MEM |
| 111 | 02/20/02 | DEFT TEODORO JIMENEZ, M.D.'S MOTION TO COMPEL PLTFS TO RESPOND |
| 112 | | TO DISCOVERY REQUESTS, WITH EXHIBITS A, B, & C.(J.R.) |
| 113 | 02/22/02 | CERT OF SERV OF PLATEAU MEDICAL CENTER, INC'S RESPONSES TO |
| 114 | | DEFT, TEODORA JIMENEZ MD'S 1ST REQT FOR PRODUCTION.  MEM |
| 115 | 02/22/02 | CERT OF SERV OF RALEIGH GENERAL HOSPITAL'S FIRST SET OF INTERRS |
| 116 | | FOR PRODUCTION, AND REQTS FOR ADMISSIONS.  MEM |
| 117 | 03/01/02 | MOTION OF DEFT, TALHA IMAM MD FOR DISMISSAL/CERT OF SERV.  MEM |
| 118 | 02/21/02 | ORDER-COMPELLING PLANITFF TO RESPOND TO DEFENDANTS DISCOVERY |
| 119 | | REQUESTS COB 133 PG 544 |
| 120 | | (MCELHINNY/KELLEY/WELSH/STECHR/NELSON/MARTIN/GODDARD/UJAYLI) |
| 121 | 03/15/02 | OPPOSITION TO MOTION OF DEFT, TALHAM IMAM MD FOR DISMISSAL/CERT |
| 122 | | OF SERV.  MEM |
| 123 | 03/19/02 | CERT OF SERVICE FOR DEFT., CARL L. OVERMILLER, M.D.'S RESPONSES |
| 124 | | TO DEFT. TEODORO JIMENEZ, M.D.'S REQUESTS FOR PRODUCTION OF |
| 125 | | DOCUMENTS TO CARL OVERMILLER, M.D.(SE) |
| 126 | 03/21/02 | CERT OF SERV FOR DEFT SHRIKANT L. BEMBALKAR, M.D.'S RESPONSES T |
| 127 | | DEFT. TEODORO JIMENEZ, M.D., FIRST SET OF REQUESTS FOR PRODUCTI |
| 128 | | OF DOCUMEMTS. (SE) |
| 129 | 03/21/02 | CERT OF SERVICE FOR DEFT., THAIR A. BARGHOUTHI, M.D.'S RESPONSE |
| 130 | | TO DEFT. TEODOR JIMENEZ, M.D., FIRST SET OF REQUEST FOR |
| 131 | | PRODUCTION OF DOCUMENTS. (SE) |
| 132 | 03/12/02 | ORDER DISMISSING DEFENDANT, TALHA IMAM, MD COB 134 PG 142 |
| 133 | | (FAST/STUHR/NELSON/LINKOUS/JOHNS/MARTIN/WELSH/HURNEY/SHUMAN) |
| 134 | 04/08/02 | MEMORANDUM OF TALHA IMAM,MD IN RESPONSE TO PLTFS MEMORANDUM |
| 135 | | IN OPPOSITION TO MOTION TO DISMISS/CERT OF SERV.  MEM |
| 136 | 04/10/02 | CERT OF SERV OF DEFTS ASHOK V. BHALODI, M.D. & ANTHONY T. DINH, |
| 137 | | M.D.'S SUPPLEMENTAL RESPONSES TO DEFT TEODORO JIMENEZ, M.D.'S |
| 138 | | REQUESTS FOR PRODUCTION OF DOCUMENTS.(J.R.) |
| 139 | 04/12/02 | NOTICE OF HEARING FOR 4-29-02 @10:30AM/CERT OF SERV.  MEM |
| 140 | 04/22/02 | CERT OF SERV OF PLTFS RESPONSES TO DEFT, TEODORA JIMINEZ MD'S |
| 141 | | FIRST SET OF INTERRS TO PLTF.  MEM |
| 142 | 04/11/02 | ORDER RESCINDING THAT CERTAIN ORDER ENTERED MARCH 12, 2002, |
| 143 | | DISMISSING THE DEFENDANT TALHA IMAM, MD COB 134 PG 599-LK |
| 144 | | (COPIES MAILED BY MR. FAST) |
| 145 | 04/26/02 | CERT OF SERV OF PLTFS, ROY J. NUTTER & LEATRICE NUTTER'S, |
| 146 | | RESPONSES TO DEFT, TEODORO JIMENEZ, M.D.'S 1ST SET OF INTERROGA |
| 147 | | TORIES TO PLTF.(J.R.) |
| 148 | 04/30/02 | REC RET OF SERV OF PROCESSS "ACCEPTED" BY SECY OF STATE ON BEHAL |
| 149 | | OF TALHA IMAM, MD 7-26-01.  MEM |
| 150 | 04/29/02 | NOTICE OF SCHEDULING CONFERENCE../CERT.,  (B.C.) |
| 151 | 05/06/02 | TALHA IMAM, MD'S MOTION TO RESCIND COURTS RULING DENYING HIS |
| 152 | | MOTION TO DISMISS/CERT OF SERV.  MEM |
| 153 | 05/12/02 | NOTICE OF MOTION TOGETHER WITH DEFT CARL L.OVERMILLER MD'S MOTIO |

```
153                    TO COMPEL PLTFS/CERT OF SERV. MEM
155  05/29/02  NOTICE OF SCHEDULING CONFERENCE FOR JULY 15, 2002.(J.R.)
156  06/03/02  TEODORA JIMENEZ, MD'S MEMORANDUM IN SUPPORT OF ARGUMENT THAT
157            PLTF NEEDS EXPERT TESTIMONY TO PROVE BREACH OF THE STANDARD OF
158            CARE AND CAUSATION AGAINST DR. JIMENEZ/CERT OF SERV.  MEM
159  06/05/02  OPPOSITION TO MOTION OF DEFT, TALHA IMAM, M.D. TO RESCIND
160            COURTS RULING DENYING HIS MOTION TO DISMISS.(J.R.)
161  06/10/02  NOTICE OF HEARING./CERT. (AUG 19, 2002 @10:00 A.M.). TOGETHER
162            WITH MOTION FOR LEAVE TO FILE AMENDED ANSWER AND CROSS-CLAIMS OF
163            RALEIGH GENERAL HOSPITAL,/CERT.  (B.C.)
164  06/17/02  DEFT TEODORA JIMENEZ MD'S MOTION FOR LEAVE TO AMEND ANSWER TO
165            ASSERT CROSS-CLAIMS/CERT OF SERV.  MEM
166  06/18/02  CERT OF SERV OF NOTICE OF SCHEDULING CONFERENCE.  MEM
167  06/21/02  RALEIGH GENERAL HOSPITAL'S ANSWER TO CROSS-CLAIM OF DEFT
168            TEODORO JIMINEZ MD/CERT OF SERV.  MEM
169  06/21/02  CERT OF SERV OF NOTICE OF DEPOSITION OF ROY AND LEATRICE NUTTER
170            WAS SERVED UPON COUNSEL OF RECORD.  MEM
171  06/27/02  RESPONSE TO TEODORO JIMENEZ, M.D.'S MEMORANDUM IN SUPPORT OF AR-
172            GUMENT THAT PLAINTIFF NEEDS EXPERT TESTIMONY TO PROVE BREACH OF
173            THE STANDARD OF CARE AND CAUSATION AGAINST DR. JIMINEZ.,/CERT.,
174            (B.C.)
175  07/01/02  AMENDED NOTICE OF MOTION /CERT OLF SERV., MEM
176  07/01/02  DEFT. TEODORA JIMINEZ, M.D.'S MEMORANDUM OF LAW IN REPLY TO PLTS
177            RESONSE TO MEMORANDUM IN SUPPORT OF ARGUMENT THAT PLTS. NEED EX-
178            PERT TESTIMONY TO PROVE BREACH OF THE STANDARD CARE AND CAUSA-
179            TION AGAINST DR. JIMINEZ/CERT OF SER.  MEM
180  07/12/02  NOTICE OF HEARING FOR 8-19-02 @10:30AM/CERT OF SERV.  MEM
181  07/12/02  DEFTS ASHOK V. BHALODI MD AND ANTHONY T. DINH MD'S MOTION FOR
182            LEAVE TO AMEND ANSWER TO ASSERT CROSS-CLAIMS/CERT OF SERV. MEM
183  07/22/02  NOTICE OF HEARING FOR 8-19-02 @10:00AM/CERT OF SERV.  MEM
184  07/25/02  CERT OF SERV OF INTERROGATORIES (9) COPIES.,  (B.C.)
185  07/25/02  CERT OF SERV OF PLAINTIFF'S REQUEST FOR PRODUCTION (9) COPIES.,
186            (B.C.)
187  07/30/02  CERT OF SERV OF INTERS & REQT FOR PRODUCTION HAS BEEN SERVED
188            UPON COUNSEL OF RECORD.  MEM
189  07/31/02  NOTICE OF MOTION WITH DEFT CARL L. OVERMILLER M.D.'S MOTION FOR
190            LEAVE TO AMEND ANSWER TO ASSERT CROSS-CLAIMS WITH EXHIBIT A.
191            (J.R.)
```

CASE 01 C 200          RALEIGH

ROY J. NUTTER                    vs. RALEIGH GENERAL HOSPITAL

LINE   DATE     ACTION

1   03/30/01   REC AND FILED PETITION-LK
2   07/19/01   NEW PROCESS ISSUED NEW PROCESS TOGETHER WITH COMPLAINT
3              DEL TO ROSCOE BOONE-LK
4   07/24/01   NEW PROCESS-PROCESS ISSUED TOGETHER WITH COST BOND($100) AND
5              DEL TO RUNNER.   MEM
6   07/31/01   REC RET OF SERV OF PROCESS "PERSONAL" AS TO ANTHONY DINH MD,
7              7-19-01.   MEM
8   07/31/01   REC RET OF SERV OF PROCESS "PERSONAL" AS TO TEODORO JIMENEZ MD.
9              7-23-01.   MEM
10  07/31/01   REC RET OF SERV OF PROCESS "PERSONAL" AS TO SHRIKANT L.
11             BEMBALKAR MD., 7-20-01.   MEM
12  07/31/01   REC RET OF SERV OF PROCESS "PERSONAL" AS TO ASHOK V. BHALODI MD
13             7-21-01.   MEM
14  07/31/01   REC RET OF SERV OF PROCESS "PERSONAL" AS TO THAIR A. BARGHOUTHI
15             MD., 7-20-01.   MEM
16  07/31/01   REC RET OF SERV OF PROCESS "PERSONAL" AS TO CARL L.OVERMILLR MD
17             7-19-01.   MEM
18  07/31/01   RETURN OF SERV OF PROCESS ACCEPTED BY SEC OF STATE ON BEHALF OF
19  08/07/01   NOTICE OF BONA FIDE DEFENSE/CERT OF SERV.   MEM
20  08/07/01   DEFTS SECOND REQT FOR PRODUCTION OF DOCUMENTS TO PLTF ANN
21             GILLESPIE/CERT OF SERV.   MEM
22  07/31/01   RETURN OF SERV OF PROCESS ACCEPTED BY SEC OF STATE ON BEHALF OF
23             RAL GEN HOSPITAL, JULY 26, 2001.(J.R.)
24  07/31/01   RETURN OF SERV OF PROCESS ACCEPTED BY SEC OF STATE ON BEHALF OF
25             PLATEAU MEDICAL CENTER INC., JULY 26, 2001.(J.R.)
26  08/10/01   DEFT. CARL L. OVERMILLER MD'S ANSWER/CERT OF SERV.   ATY. WILLIA
27             MUNDY   MEM
28  08/13/01   ANSWER OF DEFTS ASHOK V. BHALODI MD AND ANTHONY T. DINH MD/CERT
29             OF SERV.   ATTY.  RICHARD W STUHR   MEM
30  08/13/01   CERT OF SERV OF DEFTS ASHOK V. BHALODI MD & ANTHONY T. DINH MD'
31             FIRST SET OF REQTS FOR PRODUCTION OF DOCUMENTS TO PLTFS.   MEM
32  08/13/01   CERT OF SERV OF DEFTS ASHOK V. BHALODI MD & ANTHONY T. DINH MD'
33             FIRST SET OF INTERRS TO PLTF ROY J. NUTTER.   MEM
34  08/17/01   CERT OF SERV OF DEFENDANT, CARL L. OVERMILLER, M.D.'S INTERROGA
35             TORIES, FIRST SET OF PLAINTIFF....   (B.C.)
36  08/22/01   ANSWER ON BEHALF OF DEFT, SHRIKANT L. BEMBALKAR MD/CERT OF SERV
37             ATTY.  EDWARD MARTIN   MEM
38  08/22/01   CERT OF SERV OF DEFT SHRIKANT L. BEMBALKAR MD'S FIRST SET OF
39             INTERRS TO PLTFS AND FIRST SET OF REQTS FOR PRODUCTION OF
40             DOCUMENTS AND THINGS TO PLTFS FROM DEFT, SHRIKANT L.
41             BEMBALKAR MD.   MEM
42  08/22/01   ANSWER OF DEFT, THAIR A. BRGHOUTHI MD/CERT OF SERV.  ATTY.
43             EDWARD MARTIN   MEM
44  08/22/01   CERT OF SERV OF FIRST SET OF REQTS FOR PRODUCTION OF DOCUMENTS
45             AND THINGS TO PLFTS FROM DEFT THAIR A. BARGHOUTHI MD.   MEM
46  08/24/01   ANSWER OF DEFT PLATEAU MEDICAL CENTER INC./CERT OF SERV.
47             ATTY.  ROBERT WELSH   MEM
48  08/24/01   CERT OF SERV OF DEFT, PLATEAU MEDICAL CENTER INC'S FIRST SET OF
49             INTERRS TO PLTF ROY J. NUTTER.   MEM
50  08/29/01   ANSWER OF DEFT TEODORO JIMENEZ, M.D. TO COMPLAINT OF PLTFS.(J.R
51             ATTY DAVUD L. SHUMAN
52  09/04/01   ANSWER AND AFFIRMATIVE DEFENSES OF DEFT, RALEIGH GEN. HOSP./CER
53             OF SERV.  ATTY.  CHARLES F. JONES & DAVID E. GODDARD   MEM
54  09/07/01   ANSWER OF DEFT ALAA UJAYLI M.D.  F.A.C.C.  PRO SE   MEM
55  09/12/01   CERT OF SERV OF DRFT. CARL L. OVERMILLER,M.D.'S REQUESTS FOR
56             PRODUCTION OF DOCUMENTS TO RAL GEN HOSPITAL.(J.R.)
57  09/12/01   CERT OF SERV OF DEFT TEODORO JIMENEZ, M.D.'S 1ST SET OF
58             COMBINED INTERROGATORIES & REQUESTS FOR PRODUCTION OF DOCUMENTS
59             TO PLTFS.(J.R.)
60  09/21/01   CERT OF SERV OF DEFT CARL L. OVERMILLER MD'S REQT FOR PRO-
61             DUCTIONS TO PLATEAU MEDICAL CENTRR.   MEM
62  10/01/01   CERT OF SERV OF DEFT TEODORA JIMENEZ MD'S 1ST SET OF REQTS FOR
63             PRODUCTION OF DOCUMENTS TO RALEIGH GENERAL HOSPITAL, CARL L.
64             OVERMILLER MD, THAIR A. BARGHOUGHI MD AND SHRIKANT L.
65             BEMBALKER MD, ASHOK V. BHALODI MD AND ANTHONY T. DINH, ALA
66             UJAYLI MD.   MEM
67  11/02/01   CERT OF SERV OF DEFT TEODORA JIMENEX MD'S 1ST SET OF REQT FOR
68             PRODUCTION OF DOCUMENTS TO TALHA IMAM MD.   MEM
69  11/16/01   CERT OF SERV OF RALEIGH GENERAL HOSPITAL'S RESPONSES TO DR.
70             TEODORO JIMENEZ'S FIRST SET OF REQTS FOR PRODUCTION OF DOCUMENT
71             AND PRODUCTION OF DOCUMENTS.   MEM
72  11/16/01   CERT OF SERV OF DEFT CARL L. OVERMILLER MD'S REQTS FOR
73             PRODUCTION OF DOCUMENTS, FIRST SET OT PLTFS.   MEM

CERTIFICATE OF SERVICE

I, STEPHEN M. HORN, Assistant United States Attorney for the Southern District of West Virginia, hereby certifies that service of the **NOTICE OF REMOVAL** was made this 13th day of August, 2002 by mailing a true copy through the United States mail, postage prepaid, to the following:

David B. Kelley, Esquire
Katz, Kantor and Perkins
P.O. Box 727
Bluefield, WV    24701

David L. Shuman, Esquire
Shuman, McCuskey and Slicer, PLLC
141 Virginia Street, East, Suite 200
P.O. Box 3953
Charleston, WV    25339

Charles F. Johns, Esquire
Steptoe and Johnson, PLLC
P.O. Box 2190
Charleston, WV    26302-2190

Richard W. Stuhr
Colombo and Stuhr
1054 Maple Drive
Morgantown, WV    26505

STEPHEN M. HORN
Assistant United States Attorney

4